

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2009

# USA v. McCode

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. McCode" (2009). *2009 Decisions.* Paper 1718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4665

_____

UNITED STATES OF AMERICA

v.

JAMES MCCODE,
a/k/a J,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Criminal No. 06-cr-00543-4)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

_____

Before: CHAGARES, HARDIMAN <u>Circuit Judges</u>, and ELLIS, <u>Senior District Judge</u>.[*]

(Opinion Filed: March 20, 2009)

_____

OPINION

_____

_____

[*] The Honorable T. S. Ellis III, Senior District Judge, United States District Court
for the Eastern District of Virginia, sitting by designation.

ELLIS, <u>Senior District Judge</u>.

James McCode appeals from his judgment of conviction on Counts One, Two, Three, Five and Six of a superseding indictment, arguing (i) that the enhanced sentences imposed on Counts Five and Six pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), are in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and (ii) that the District Court abused its discretion in declining to sever Count Six from the remaining counts for purposes of trial. For the reasons stated here, we will affirm the District Court's judgment in both respects.

I.

Because we write solely for the benefit of the parties, we only briefly summarize the essential facts and procedural history.

On October 19, 2006, McCode was charged in a superseding indictment with (i) conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), (ii) interference with interstate commerce by robbery and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and 2 (Count Two), (iii) carrying and using a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 2 (Count Three), and (iv) two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Five and Six).[1]

---

[1] Three co-defendants were charged together with McCode in Counts One, Two

Counts One, Two, Three and Five all arose out of an armed robbery of a Philadelphia AutoZone store on July 18, 2006. Early that morning, McCode and a co-conspirator entered the store wearing clothing designed to disguise their faces; each was armed with a firearm. In the course of the robbery, the store manager was ordered to remove money from the store safe, while another employee was forced to lie face down at gunpoint. McCode and the co-conspirator then fled the store with $1,025 of stolen money in their possession and met two other alleged co-conspirators who were waiting nearby at a predetermined location. Among the weapons used by McCode and his co-conspirators on this occasion was a loaded silver Taurus TT92 9MM handgun, which was recovered on the day of the robbery from a co-conspirator's vehicle.

Several months after the robbery, on October 5, 2006, McCode was arrested when he appeared for a meeting with his parole officer. Later that day, law enforcement agents traveled to McCode's residence, where they interviewed his live-in girlfriend. In the course of that visit, agents seized two additional firearms from the residence, namely a Hi Standard .22 caliber revolver and a Savage Industries Winchester 110E rifle. It is these additional firearms that form the basis of Count Six. In this regard, while the superseding indictment charged in Count Six that McCode possessed these firearms "[o]n or about July 18, 2006 to October 5, 2006," it did not charge, nor did the evidence reflect, that either firearm seized from McCode's residence on October 5, 2006, was used in the

and Three of the superseding indictment. Count Four, in turn, charged a co-defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

3

course of the July 18, 2006 armed robbery of the Philadelphia AutoZone store. The government nonetheless joined Count Six with the remaining counts of the superseding indictment given that the offenses were "of the same or similar character," as permitted by Rule 8(a), Fed. R. Crim. P.[2]

McCode filed a pre-trial motion requesting that Count Six be severed from the remaining counts for purposes of trial, pursuant to Rule 14(a), Fed. R. Crim. P., arguing specifically that prejudice would result from a joint trial of the charged offenses.[3] Following argument, the District Court denied McCode's motion to sever Count Six from the remaining counts of the superseding indictment, but nonetheless agreed to bifurcate the trial with respect to Counts Five and Six, indicating that the issue of McCode's prior

---

[2] Rule 8(a) provides that

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged...are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 8(a), Fed. R. Crim. P. (emphasis added).

[3] Rule 14(a) provides as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14(a), Fed. R. Crim. P.

felony convictions would be excluded from the first phase of the trial on Counts One, Two and Three.

The jury trial commenced on June 25, 2007. Following presentation of the government's case in chief as to Counts One, Two and Three, McCode chose to testify in his own defense, thereby disclosing his prior convictions to the jury and essentially rendering moot the District Court's decision to bifurcate the trial with respect to Counts Five and Six. Indeed, McCode admitted in the course of direct examination that he was previously convicted in 1996 of "a few" armed robberies for which he received sentences of between eight and 20 years imprisonment. Significantly, McCode also admitted to possessing the two firearms seized from his residence on October 5, 2006, testifying specifically that he possessed these firearms for purposes of self-defense despite knowing that he was precluded from doing so under the terms of his parole.

On June 28, 2007, following a four-day trial, McCode was convicted by the jury on Counts One, Two and Three of the superseding indictment. Immediately following the verdict, McCode pled guilty to Count Six, and the second stage of the trial then proceeded before the same jury as to Count Five.[4] Following the presentation of additional evidence

---

[4] In his brief, McCode appears to suggest error in the jury verdict slip, stating that "[t]he verdict slip for the second stage of trial asked the jury to make a factual finding of [McCode's] guilt for Count Five only...[and that] [t]he jury never made a factual determination on Count Six." Appellant's Br. 6. While inclusion of the entire trial transcript would certainly have assisted us in resolving this argument, it is sufficient to note that the district court docket entries, as well as the Judgment and Commitment Order, accurately reflect that McCode pled guilty to Count Six following the jury's verdict on Counts One, Two and Three.

5

— consisting solely of the parties' stipulation that McCode had previously been convicted of a felony — the jury convicted McCode on Count Five, as well.

In the course of the sentencing proceedings, the District Court determined that McCode qualified as an armed career criminal under ACCA as a result of his four prior felony convictions for armed robbery. Given this, and in accordance with the armed career criminal provisions set forth in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, McCode's advisory guidelines range of imprisonment was calculated at 188 to 235 months, based on a total offense level of 33 and a criminal history category of IV. On December 5, 2007, the District Court imposed concurrent sentences of 195 months on each of Counts One, Two, Five and Six, with a consecutive sentence of 84 months on Count Three, for a total custody sentence of 279 months. McCode thereafter filed a timely appeal raising two discrete issues, each of which is addressed here.

## II.

McCode's first argument on appeal is that the enhanced sentences imposed on Counts Five and Six pursuant to ACCA, 18 U.S.C. § 924(e), are in violation of the principles set forth in Apprendi, 530 U.S. 466 and is progeny.

ACCA imposes enhanced penalties for certain firearm offenses where, as here, the defendant "has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). As applied here, ACCA increased the maximum term of imprisonment applicable to Counts

Five and Six of the superseding indictment from 10 years to life; it also imposed a mandatory minimum term of 15 years as to each of Counts Five and Six. See 18 U.S.C. §§ 924(a)(2), 924(e).

In the course of the sentencing proceedings, the District Court applied the enhanced penalties set forth in ACCA in fashioning McCode's sentence as to Counts Five and Six based on his finding — rather than the jury's finding — that McCode had at least three prior violent felony convictions. Yet, McCode contends on appeal that the question whether he had three qualifying prior convictions warranting application of ACCA's enhanced penalties was required to have been submitted to the jury and found beyond a reasonable doubt. We reject that challenge as being contrary to well-established Supreme Court and circuit precedent.

As an initial matter, McCode's argument that the fact of a prior conviction must be found by a jury beyond a reasonable doubt was expressly rejected by the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224 (1998). There, the Supreme Court held that the existence of a prior conviction, which conviction increases a defendant's statutory maximum sentence, may be determined by the district judge at sentencing and need not be alleged in the indictment or established as an element of the offense beyond a reasonable doubt. See id. at 244 (recognizing that "to hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the

7

punishment only'") (quoting <u>Graham v. West Virginia</u>, 224 U.S. 616, 629 (1912)). And significantly, the Supreme Court specifically exempted prior convictions from its holding in <u>Apprendi</u> — the case on which McCode relies — stating that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490 (emphasis added). Indeed, we have repeatedly confirmed the continuing authority of <u>Almendarez-Torres</u> long after <u>Apprendi</u> was decided. <u>See</u>, <u>e.g.</u>, <u>United States v. Vargas</u>, 477 F.3d 94, 104-05 (3d Cir. 2007); <u>United States v. Coleman</u>, 451 F.3d 154, 159-60 (3d Cir. 2006); <u>United States v. Ordaz</u>, 398 F.3d 236, 240-41 (3d Cir. 2005).

Given this well established Supreme Court and circuit precedent, we find that the District Court's application of the enhanced ACCA penalties was proper and McCode's first argument on appeal must be rejected.

III.

McCode's second argument on appeal is that the District Court abused its discretion when it declined to sever Count Six from the remaining counts of the superseding indictment for purposes of trial. In this regard, McCode essentially concedes that the initial joinder of Count Six in the superseding indictment was proper under Rule 8(a), Fed. R. Crim. P., as the offense charged in Count Six involved "the same or similar character" as the offense charged in Count Five; he merely contends that Count Six

8

should have been severed from the remaining counts at trial in accordance with Rule 14(a), Fed. R. Crim. P., to avoid unwarranted prejudice. Specifically, McCode contends that the introduction of evidence of additional firearms found in his residence in October 2006 that were not used in the course of the July 2006 robbery was highly prejudicial with respect to the jury's deliberation on the robbery-related counts, as it "created an impression for the jury that [he] was 'a bad person.'" Appellant's Br. 16.

The question whether to sever offenses or defendants charged in an indictment pursuant to Rule 14, Fed. R. Crim. P. rests in the sound discretion of the district court. See United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005). We therefore review a district court's denial of a motion to sever for abuse of discretion. Id. Moreover, even if an abuse of discretion is established, "reversal is not required absent 'clear and substantial prejudice' resulting in a manifestly unfair trial." United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001) (citation omitted).

Here, McCode has failed to establish either an abuse of discretion or clear and substantial prejudice resulting from the District Court's failure to sever Count Six from the remaining counts against him. This is particularly so given that the District Court agreed to conduct the jury trial in two stages, thereby bifurcating the felon-in-possession counts charged in Counts Five and Six from the robbery-related counts charged in Counts One, Two and Three. Moreover, McCode opted to plead guilty to Count Six immediately following the jury's verdict on Counts One, Two and Three and thus, the jury was never

9

presented with the specific allegations of that particular charge. Finally, given the fact that Counts One, Two and Three involved both an <u>armed</u> robbery and use of a <u>firearm</u> in connection with a violent felony, combined with McCode's admission in the course of his direct examination that he had several prior convictions for <u>armed</u> robbery, it cannot fairly be argued that he suffered "clear and substantial prejudice" sufficient to result in a "manifestly unfair trial" as a result of the introduction of evidence pertaining to two additional firearms found in his residence on October 5, 2006 — firearms that he willingly admitted to possessing in the course of his direct examination. <u>Hart</u>, 273 F.3d at 370. McCode's second argument on appeal is therefore without merit.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.